Matter of Su Yan Chen v Planning Bd. of the Inc. Vil. of Brookville
2026 NY Slip Op 03313
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Su Yan Chen, et al., appellants,
v
Planning Board of the Incorporated Village of Brookville, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2024-07270, (Index No. 610898/23)
Colleen D. Duffy, J.P.
Francesca E. Connolly
Laurence L. Love
Susan Quirk, JJ.

Sahn Ward Braff Coschignano PLLC, Uniondale, NY (Jon A. Ward and Andrew M. Roth of counsel), for appellants.
Chase Rathkopf & Chase LLP, Glen Cove, NY (Tip Henderson of counsel), for respondent Planning Board of the Incorporated Village of Brookville.
Farrell Fritz, P.C., Hauppauge, NY (Anthony S. Guardino and John C. Stellakis of counsel), for respondent Middlesea Farm North, LLC.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Incorporated Village of Brookville dated April 27, 2023, which, after a hearing, approved the site plan application of Middlesea Farm North, LLC, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Lisa A. Cairo, J.), dated June 20, 2024. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
The petitioners own property abutting the southern and western boundary of property owned by the respondent Middlesea Farm North, LLC (hereinafter Middlesea). In 2023, Middlesea applied to the respondent Planning Board of the Incorporated Village of Brookville (hereinafter the Planning Board) for review and approval of a site plan to develop its property with a new residence and various accessory structures, including a horse stable, paddocks, run-in shed, riding ring, and horse fencing. Relying on an alleged easement of ingress and egress over the petitioners' property to a certain private road, the site plan also proposed to develop and use part of the petitioners' property for a portion of the main driveway to access the private road. Although the petitioners informed the Planning Board that they disputed the scope of the alleged easement and did not consent to Middlesea's proposed use of their property, the Planning Board, after a hearing, approved Middlesea's site plan with certain conditions.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review the Planning Board's approval of Middlesea's site plan. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
"A local planning board has broad discretion in reaching its determination on applications . . . and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Fildon, LLC v Planning Bd. of the Inc. Vil. of Hempstead, 164 AD3d 501, 502 [internal quotation marks omitted]; see Matter of Ifrah v [*2]Utschig, 98 NY2d 304, 308). Where, as here, a determination is made after a public hearing that is not a quasi-judicial hearing based upon sworn testimony, "courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2; see Matter of Denisov v DeChance, 236 AD3d 905, 907).
"The use that may be made of land under a zoning ordinance and the use of the same land under an easement or restrictive covenant are, as a general rule, separate and distinct matters, the ordinance being a legislative enactment and the easement or covenant a matter of private agreement" (Matter of Friends of Shawangunks, Inc. v Knowlton, 64 NY2d 387, 392; see Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 432). In approving a particular use of land, "a municipality determines only that the application complies with the municipality's standards and conditions contained in the zoning ordinance" (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d at 432; see Matter of Save Monroe Ave., Inc. v Town of Brighton, 217 AD3d 1389, 1391-1392).
Here, the Planning Board's approval of the site plan had a rational basis, was not illegal, and was not arbitrary and capricious (see Matter of Fairway Manor, Inc. v Bertinelli, 81 AD3d 821, 823; see also Matter of Save Monroe Ave., Inc. v Town of Brighton, 217 AD3d at 1391). Contrary to the petitioners' contentions, the Planning Board did not act improperly by approving the site plan without a resolution of the private property dispute between Middlesea and the petitioners concerning the scope of the alleged easement (see Chambers v Old Stone Hill Rd. Assoc., 1 NY3d at 432; Matter of Pepe Porsche of Larchmont v Planning Bd. of the Town of Mamaroneck, 216 AD3d 1163, 1164).
The parties' remaining contentions are either without merit or not properly before us.
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court